# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANDRE ANTOINE WALKER,               *

Petitioner                             *

v                                         *     Criminal Case: RDB-15-526
                                              (Related Civil Action: RDB-18-236)

UNITED STATES OF AMERICA,     *

Respondents                     *
                                        ***

## MEMORANDUM OPINION

Andre Antoine Walker, a self-represented prisoner, has filed a Motion to Vacate under § 2255. In his Motion, Walker challenges his convictions and 162 month term of imprisonment for bank robbery and related offenses. ECF No. 110.

On January 25, 2018, the Court ordered the Government to respond to Walker's Motion within 60 days. The response was not forthcoming. On April 5, 2018, Petitioner filed a Motion to Grant his § 2255 Motion as Unopposed. ECF No. 112. On April 10, 2018, the Court granted Respondent's Motion for Extension of Time to respond to the § 2255 Motion. ECF Nos. 114, 116. On April 20, 2018, Petitioner filed a Motion for Reconsideration of the Court's Order. ECF No. 118.

After reviewing the Motions, the Court finds no need for an evidentiary hearing. For the reasons set forth below, Petitioner's Motion for Reconsideration is GRANTED and the Court's Order granting an extension of time is STRICKEN; the Motion to Grant the § 2255 as unopposed is DENIED; the § 2255 Motion is DENIED; and a certificate of appealability shall not issue.

## BACKGROUND

On October 7, 2015, Walker was indicted for two counts of bank robbery and one count each of armed bank robbery, brandishing a firearm in relation to a crime of violence (i.e., bank

robbery), and conspiracy to commit bank robbery. ECF No. 1. Pursuant to a written plea agreement, Walker pled guilty to all five charges. ECF No. 48. The Court sentenced Walker to the statutory minimum 84 months' imprisonment on the firearm count, and issued a within-Guidelines sentence of 78 months' imprisonment on the remaining counts, for a total term of 162 months' imprisonment. ECF No. 104.

Walker filed a timely appeal, challenging whether bank robbery was a crime of violence for purposes of the brandishing a firearm charge (an issue he had specifically preserved for appeal under the terms of his plea agreement, *see* ECF No. 48 at 7) and whether his sentence was procedurally reasonable. In a decision issued on April 5, 2017, the United States Court of Appeals for the Fourth Circuit rejected both arguments and affirmed Walker's criminal judgment. *United States v. Green*, Nos. 16-4347, 16-4468, 684 F. App'x 300 (4th Cir. 2017).

On January 24, 2018, Walker filed a timely § 2255 Motion. ECF No. 110. The following day, the Court issued an order instructing the Government to respond within 60 days. ECF No. 111. The Government failed to do so, and on April 5, 2018, Walker filed a Motion asking the Court to grant his § 2255 as unopposed, noting that the Government had failed to timely respond and asserting that his § 2255 Motion was "extraordinarily meritorious." ECF No. 112. On April 9, 2018, the Government filed a Motion for an Extension of Time to file its Response, explaining that the Assistant U.S. Attorney previously assigned to the case "ha[d] been detailed away from the U.S. Attorney's Office" prior to the filing of the Motion to Vacate. ECF No. 114. Based on this filing, the Court granted the Government's Motion for Extension of Time on April 10, 2018. ECF No. 116. On April 20, 2018, the Court received a Motion from Walker asking that the Court reconsider the Order granting an extension of time. ECF No. 118.

2

## STANDARD OF REVIEW

This Court recognizes that Walker is self-represented and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

## ANALYSIS

### I. Motion for Reconsideration

Pursuant to Fed. R. Civ. P. 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Here, the Court granted Respondent's Motion to extend the time to respond to Walker's Motion to Vacate. In seeking reconsideration of this ruling, Walker notes that the Court did not make a specific finding of excusable neglect. ECF No. 118 at 2-3.

Although the Court's Order did state that it was granting Respondent's Motion after "find[ing] there is good cause in support of the motion," the Court did not engage in a specific discussion of excusable neglect. ECF No. 116. Similarly, although Respondent's Motion for an extension of time to respond explained that Assistant U.S. Attorney Aaron Zelinsky, counsel of

3

record, "has been detailed away from the U.S. Attorney's Office" before Walker's § 2255 Motion was filed (thereby suggesting a reason for belated request), Respondent did not specifically argue that this amounted to excusable neglect.

Based on the above shortcomings and in an abundance of caution, the Court will grant Walker's Motion for Reconsideration and strike its earlier Order granting the Motion for Extension of Time. Although the Court would ordinarily allow Respondent the chance to offer a fuller argument as to why the Government should be permitted an extension of time to respond, it is apparent from the face of Walker's § 2255 Motion that he is not entitled to relief. Accordingly, the Court will presently examine the merits of the Petition without requiring a response or further briefing.

## II. § 2255 Motion

In his § 2255 Motion, Walker contends that his appellate counsel provided ineffective assistance because she failed to:

> [(1)] Either: 1) Request that Walker's case be placed in abeyance pending the Outcome of *Dean v. U.S.*, 137 S. Ct. 1170 (2017); 2) Advise the Circuit Court via a F.R.A.P., Rule 28(j) Letter of the *Dean* Decision; or 3) Request leave to file a Supplemental Brief based on *Dean*, i.e., A pertinent and significant authority that could ultimately have resulted in the imposition of a lesser sentence on Walker's predicate bank robbery offense.
> . . .
> [2] Argue that 18 U.S.C. § 2113(a) is a lesser included offense of 18 U.S.C. § 2113(d), and hence, the imposition of a sentence on both counts violated Walker's rights under the Double Jeopardy Clause
> . . .
> [3] Argue that the mitigating circumstances of Walker's case warranted a five . . . level sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(C) instead of the harsher 18 U.S.C. § 924(c) statutory weapon enhancement – and the charging of the § 924(c) count was indicative of a disparate and flawed prosecution.

ECF No. 1 at 17, 28, 30 (some capitalization altered).

4

In order to establish ineffective assistance of counsel, Walker must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Walker must show that his counsel's performance was deficient such that it fell below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that an attorney's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Walker must show that his counsel's performance was prejudicial, meaning that Walker was "depriv[ed] ... of a fair trial." *Id.* at 687. To demonstrate such prejudice, Walker must show there was a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding[s] would have been different." *Id.* at 694. Both of these prongs must be satisfied for Walker to obtain the relief he is seeking. *Id.* at 687.

**A. The *Dean* Decision**

First, Walker claims that appellate counsel was ineffective for failing to alert the appellate court to *Dean v. United States*, 137 S. Ct. 1170 (2017), in which the Supreme Court was presented with the question of "whether, in calculating the sentence for the predicate offense [underlying the § 924(c) offense], a judge must ignore the fact that the defendant will serve the mandatory minimums imposed under § 924(c)." *Id.* at 1174. The *Dean* Court concluded that sentencing courts are not required to overlook the impact of § 924(c)'s mandatory minimum sentence when crafting a sentence for the predicate offense. *Id.* at 1178.

Walker notes that the Supreme Court granted the writ of certiorari in *Dean* on October 28, 2016, and issued its opinion on April 3, 2017. ECF No. 1 at 19-20; *see Dean v. United States*, No. 15-9260, 137 S. Ct. 368 (2016) (granting certiorari on one question); *Dean*, 137 S. Ct. at 1170 (noting date of decision). Walker highlights that his appellate brief was filed a month

5

after the writ of certiorari was granted in *Dean*, and was decided by the Fourth Circuit two days after *Dean* issued. ECF No. 1 at 19-20. In Walker's view, appellate counsel was ineffective for failing to alert the Fourth Circuit to the pending proceedings in *Dean* which, he believes, would have impacted the outcome of his sentencing proceedings. *Id.* at 22-23.

Walker fails to satisfy either *Strickland* prong. As to whether counsel's failure to raise this argument fell below an objective standard of reasonableness, the Fourth Circuit has long held "that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). Indeed, the facts of *Kornahrens* are particularly instructive here. In *Kornahrens*, the case that ultimately announced the allegedly favorable law "was on appeal to the Supreme Court at the time of Kornahrens's trial," but the Fourth Circuit concluded that counsel was not ineffective under the Constitution for failing to advance the argument of the pending case.[1] *Id.* (noting that "Kornahrens is unenviably caught in a situation where his trial counsel's performance may have been unwise, but nevertheless constitutionally sufficient"). Thus, counsel was not ineffective for failing to alert the Fourth Circuit to *Dean* prior to its issuance on April 3, 2017.

Of course, a narrow window—the two days between the Supreme Court's decision in *Dean* and the Fourth Circuit's April 5, 2017 decision in Walker's appeal—remains that is not within the ambit of *Kornahrens*. However, it is unnecessary for the Court to decide whether objectively reasonable counsel would have been obligated to alert the Fourth Circuit in that time frame, since the Court concludes that, in any event, Walker has also failed to demonstrate the prejudice prong of *Strickland*. In support of the notion that he suffered prejudice from appellate counsel's failure, Walker posits that had *Dean* been the law at the time of sentencing, the Court would have sentenced him below the Guidelines. ECF No. 1 at 21-22. Thus, Walker argues, had

---

[1] In fact, Kornahrens' counsel was even aware of the pending case but failed to preserve any objection. *Id.*

6

counsel alerted the Fourth Circuit to *Dean*, that court would have vacated his sentence and remanding the case for a new sentencing hearing at which he would receive a lesser sentence. *Id.* at 26-27. He supports this belief by pointing to the Court's statement that

> In terms of sentences to protect the public, I have no doubt of your great contrition. I don't think that you represent a threat to the public if I let you out of this courtroom this afternoon. I suspect that after the shock of what's happened here to you, I suspect that the public doesn't need to be protected.

*Id.*; *see* ECF No. 98 at 47-48. Based on the above statement, Walker speculates that

> where the Court clearly expressed such a high regard for Walker's character, and openly acknowledged Walker's considerable remorse for his crimes, it is highly probable that if, on that day, the sentencing judge had had the benefit of the *Dean* decision, Walker would not have received a total of 78 months for the predicate bank robbery offenses.

ECF No. 1 at 23.

Walker's prejudice argument fails to two reasons. First—and most critically—the transcript of the hearing demonstrates that the Court was well aware of its already existing discretionary authority to issue a below-Guidelines sentence. For example, toward the beginning of the petitioner's sentencing hearing, the Court explained the sentencing process to Walker, stating:

> The process here is as follows, Mr. Walker: The United States Supreme Court has issued two key opinions in the last 11 and a half years that outline the process for sentencing in Federal Court.
>
> First of all, in the case of *United States versus Booker*, in January of 2005, the United States Supreme Court upheld the Constitutionality of the Federal Sentencing Guidelines; but the Court did so with the deletion of two particular sections of the guidelines which had previously rendered the guidelines mandatory. The Supreme Court noted that with the deletion of those mandatory provisions, the guidelines were Constitutional, but the Court recognized in the *Booker* case that as a result of its opinion, the Federal Sentencing Guidelines were rendered effectively advisory and were to be applied in an advisory context. . . .
>
> Mandatory means I have to impose a certain sentence. For example, there's a mandatory sentence of seven years as to Count 5 in this case. There's no

7

> discretion whatsoever. Ms. Abelson[, Petitioner's Counsel,] in her papers has suggested that should be the only penalty. It's just a seven-year mandatory minimum, but there is no discretion there. It's not a guideline issue. It's by statute.
>
> There's nothing mandatory about the guidelines. The guidelines are advisory, and they're to be looked at in an advisory context. And under the approach set forth by the Supreme Court in the Booker case, federal judges, while not bound to apply the guidelines, must still consult the guidelines and take them into account when imposing a sentence, subject to review by Courts of Appeals for unreasonableness.
>
> And the Supreme Court noted there are other factors to consider as well under Title 18 of the United States Code . . . .
>
> [I]n the case of *Gall versus the United States*, decided about three years after the *Booker* case, the Supreme Court specifically noted that federal judges should not presume that the guideline range is reasonable. But it is a starting point in a multistep process . . . .

ECF No. 98 at 6-8; *see also id.* at 47 (reiterating, immediately before issuing the sentence, the advisory nature of the Guidelines and that, pursuant to *Gall*, it did not assume that the Guidelines range was reasonable). The transcript of Walker's sentencing hearing belies the notion that the Court was unaware of the existence or extent of its power to issue a below-Guidelines sentence.

Second, as a practical matter, the transcript belies Walker's belief that the Court would have given him a lesser sentence if it had the benefit of *Dean*. Walker asserts that that the Court "had expressed such an unprecedented high regard for Walker's character and overwhelming regret for his crimes." ECF No. 1 at 23. Although the Court certainly acknowledged positive aspects of Walker's character and accomplishments, the notion that the Court believed Walker had "overwhelming regret" for his crimes is directly contradicted by the Court's statements in response to Walker's allocution that

> I've seldom had a defendant who chose less contrition and less acceptance of responsibility. . . . I read your entire letter [of] seven pages. I read it. And quite frankly, the tone of your letter showed much more contrition than you show now here. . . . [Y]our letter to me was far more empathetic and showed far greater acceptance of responsibility than the borderline defiance you show here today.

ECF No. 98 at 44-45. Likewise, Walker's selective excerpt regarding the Court's views on his improbable recidivism conveniently neglects to mention the other factors that the Court addressed in crafting his sentence:

> And then in 2013, somewhere your life made a turn here, because there's a gun offense here in your record. Unlike Mr. Green, your co-defendant, who had no criminal record, you have a gun offense in 2013 from the Circuit Court of Maryland for Wicomico County. And then in the summer of 2015, you go on a bank robbery spree. And that's the fact of the matter that cannot be ignored here.
>
> And in terms of the factors in terms of the nature and circumstances of this offense, they are very serious. And to suggest and say -- I think your words were, "No one was harmed," try to tell that to tellers who think their lives are in danger. Their lives were harmed. They were jeopardized. They were frightened.
> . . .
>
> [I]n terms of disparity of sentencing in bank robberies, in terms of sentences imposed upon other individuals, I can assure you that there have been some pretty serious sentences served -- imposed in bank robbery cases out of this court, not just by me, but by judges going back many, many years. Bank robbery is a very, very serious, violent offense.
>
> And significantly, your lawyer noted factors under 3553(a)(6) in terms of disparity of sentencing. My job is to impose sentences that are fair as to both defendants in this case. And Mr. Green[, Petitioner's co-defendant,] had no criminal record. Mr. Green had no prior record of any kind, no gun offense previous, as did you, and he received 154 months. When I factor all of those in to this case, I believe that the Government recommendation at the low end of the Advisory Guideline range is fair and is appropriate.

ECF No. 98 at 47-48. Unlike the facts of *Dean*, nothing in the sentencing transcript suggests that the Court desired to give a lesser sentence but felt legally constrained not to do so.

In sum, appellate counsel's failure to argue pending, but not-yet-decided case law does not fail below an objective standard of reasonableness. Moreover, the record belies Walker's speculative belief that the Court would have issued as shorter sentence if it had the benefit of *Dean*, given the Court's express acknowledgement that it knew it was not bound by the Guidelines.

**B. Double Jeopardy**

Next, Walker asserts that appellate counsel was ineffective for failing to argue that he was twice convicted of and punished for the same offense, in violation of the Constitution's Double Jeopardy Clause. Walker cannot satisfy *Strickland* here for the simple reason that he is factually incorrect. Walker's argument is derived from Count Four of the Indictment which was captioned as "Armed Bank Robbery" and charged that:

> On or about July 17, 2015, in the District of Maryland, the defendants,
>
> ANDRE ANTOINE WALKER, and
> MALCOLM XAVIER GREEN,
>
> did, by force, violence and intimidation, take from the person and presence of employees of the BB&T Bank, located at 400 Cypress Street, Millington, Maryland, a bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, money belonging to and in the care, custody, control, management and possession of said bank; and in the course of committing said robbery, did assault and place in jeopardy the lives of the employees at said bank through the use of a dangerous weapon and device.
> 18 U.S.C. § 2113(a), (d), (f)
> 18 U.S.C. § 2

ECF No. 1 at 6. In Walker's view, Count Four is charging the offense of § 2113(a) and, as a separate and distinct charge, § 2113(d). Walker argues that § 2113(a) is a lesser included offense of § 2113(d). However, the text of § 2113(d) incorporates by reference the offense details of § 2113(a),[2] so the reference to § 2113(a) in the indictment merely provides supporting context for § 2113(d). That Count Four is not the basis for two separate convictions or sentences is

---

[2] Section 2113(d) states, in its entirety:

> Whoever, in committing, or in attempting to commit, *any offense defined in subsections (a)* and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

§ 2113(d) (emphasis added). Thus, the indictment's reference to § 2113(a) directs the reader to where he or she may find all of the elements of the charged offense.

evidenced by the fact that there is only one count at issue and that he was only given a single sentence (18 months) on Count Four. ECF No. 104 at 1-2.[3] In sum, because there was no meritorious double jeopardy claim, appellate counsel was not ineffective.

**C. Sentencing Enhancement**

Finally, Walker asserts that appellate counsel was ineffective "for failing to argue that the mitigating circumstances of Walker's case warranted . . . sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(C) instead of the harsher 18 U.S.C. § 924(c) statutory weapon enhancement." ECF No. 30 (some capitalization altered). Under 18 U.S.C. § 924(c), an individual who brandishes a firearm during the commission of certain offenses, including bank robbery, *see Green*, 684 F. App'x at 300 (citing *United States v. McNeal*, 818 F.3d 141 (4th Cir.), *cert denied*, 137 S. Ct. 164 (2016)), faces a statutory minimum sentence of 7 years' imprisonment consecutive to any other sentence. Under USSG § 2B3.1, which imposes a base offense level of 20 under the Sentencing Guidelines for the offense of robbery, five offense levels are added if a firearm is brandished in connection with the robbery. The latter has an obvious advantage in that it merely increases the (non-mandatory) Guidelines range rather than imposing a mandatory minimum. Additionally, Walker asserts that, in his case, receiving a § 2B3.1(b)(2)(C) enhancement in lieu of the separate § 924(c) charge would have resulted in a sentence of 135 months' imprisonment—27 months less than the sentence of 162 months that he actually received. ECF No. 1 at 39.

---

[3] To the extent that some of Walker's confusion is due to the fact that he was charged with violating § 2113(a) in Counts Two and Three, there is also no double jeopardy problem, since each of these counts charges a separate bank robbery that occurred on a different day and at a different location than the others. ECF No. 1 at 5-7 (Count Two charges a bank robbery on July 1, 2015 in Camp Springs, Maryland; Count Three charges a bank robbery on July 13, 2015 in Woodlawn, Maryland; Count Four charges an armed bank robbery on July 17, 2015, in Millington, Maryland).

11

The Court concludes that Walker has failed to show that he was prejudiced from appellate counsel's failure to argue that he should have received a more lenient charging decision for the simple reason that discretion in charging decisions is left to the realm of the prosecutor. "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Here, Walker does not dispute that there was probable cause to believe that he committed a violation of § 924(c) by brandishing a firearm during a bank robbery,[4] only that he would have preferred a more lenient charge. Indeed, after spending several pages of his Motion arguing why he believes mandatory minimum sentences are unfair, *see* ECF No. 1 at 38-38, Walker acknowledges (albeit, probably accidentally) precisely why his claim of ineffective assistance of counsel for failing to raise the sentence argument must fail when he says:

> In the present case, exactly why Walker was initially charged with the § 924(c) statutory enhancement ... instead of the more appropriate an less severe § 2B3.1(b)(1)(C) ... guideline enhancement, will most likely forever remain a mystery, *as the charging of said count was entirely within the purview of the prosecuting attorney*.

*Id.* at 38-39; *see also id.* at 39 ("all because ... *the prosecutor*, even after learning of the mitigating circumstances of Walker's case still did not see fit to dismiss the § 924(c) count and seek instead the more appropriate § 2B3.1(b)(2)(C) enhancement" (emphasis added)).

Finally, although Walker briefly suggests a disproportionate racial element in § 924(c) charging decisions, ECF No. 1 at 32-33, he fails to identify, much less suggest, evidence or argument sufficient to satisfy the exceedingly high bar of proving a selective prosecution claim.

---

[4] Walker's decision to enter a guilty plea to the § 924(c) charge would also tend to support the notion that he does not dispute the probable cause underlying the charge so much as he begrudges the punishment that comes with it.

*See Armstrong*, 517 U.S. at 464-48 (discussing showing required to prove selective prosecution claim). Thus, he has failed to demonstrate prejudice from appellate counsel's failure to challenge the prosecutor's charging decision.

## CONCLUSION

For the reasons stated above, Walker's Motion for Reconsideration (ECF No. 118) is GRANTED, and the Order (ECF No. 116) granting the Respondent's Motion for Extension of Time is STRICKEN. Walker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 110) is DENIED, and his Motion to Grant the § 2255 Motion as Unopposed (ECF No. 112) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).[5] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the Court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Walker's claims debatable, a certificate of appealability is DENIED.

---

[5] Denial of a certificate of appealability in the district court does not preclude Walker from requesting a certificate of appealability from the appellate court.

A separate order follows.

April 27, 2018
Date

_/s/ Richard D. Bennett_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE